**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**CITY OF DEARBORN, et al.,**

                            **Plaintiffs,**

**v.**

                                                   Case Number: 08-10156

**COMCAST OF MICHIGAN III, INC., et al.**    Hon. Victoria A. Roberts

                            **Defendants.**

**COMCAST'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Comcast of Michigan III, Inc. et al., (collectively "Comcast") submit this response to the "Notice of Supplemental Authority" filed by Plaintiffs on November 8, 2008 (Doc. # 61). Plaintiffs submitted *In re Cox Communications, Inc.,* DA 08-2299 (FCC Enforcement Bureau, released Oct. 15, 2008), ("*Cox Notice*") because, they suggest, it "may help the Court in considering whether Section 544(e) permits the operator to use any technology it desires, without consequence, as Defendants claim . . ." Comcast objects to the filing of this document as wholly irrelevant to the issues in this case and needlessly confusing.

The *Cox Notice* does not mention Section 544(e), or the minimum contents of the basic service tier under Section 543. It does not mention PEG channels, local franchises, or state video competition laws. It does not mention the power of localities as to any matter, much less the power, claimed by Plaintiffs under federal law, to block the digitization of PEG channels and the potential use of converters to receive those digitized PEG channels.

The FCC's inquiry in the *Cox Notice* involves issues such as Switched Digital Video programming, CableCARD descramblers, and cable system compatibility with commercially available Uniform Digital Cable Products. Those issues have nothing to do with this litigation.

Moreover, the FCC has statutory powers over cable equipment and technology that no one else has, including Plaintiffs.  *See, e.g.,* 47 U.S.C. §§ 549 (FCC power to regulate a commercial market for cable navigation devices), 544(a) (FCC regulation of cable system compatibility with consumer electronics).

On the other hand, Section 544(e) restricts state and local governments – not the FCC – from prohibiting, conditioning or restricting a cable operator's use of any transmission technology or subscriber equipment.  Contrary to Plaintiffs' characterization, Comcast has never said that "Section 544(e) permits the operator to use any technology it desires . . . in a way that is inconsistent with other requirements" like those FCC regulations at issue in the *Cox Notice*. Instead, Comcast has explained that it "understands its obligations to comply with the many complex federal laws and rules governing its operations, rates and its service to customers."(Comcast Reply Mot. Dismiss, filed July 14, 2008) (Doc. # 38).)  The *Cox Notice* addresses complex regulations governing cable equipment compatibility and digitization, but it has nothing to do with the ability of municipalities, like Plaintiffs, to assume authority Congress expressly denied them through Section 544(e).

Finally, the *Cox Notice* is not a final order of the Commission. Instead, FCC bureau staff issued a preliminary "notice of apparent liability and order," and the cable operator has the right (explained in the *Notice*) to respond and challenge the staff analysis. (Order ¶ 42-43.)  Any eventual staff decision is appealable to the full Commission, and would not constitute a final decision of the agency unless the Commissioners agreed. 47 C.F.R. § 1.104(b); 47 U.S.C. § 155(c). Final orders of the Commission, of course, are then reviewable by the courts of appeals.

47 U.S.C. § 402; 28 U.S.C. § 2342(1).  In short, the *Cox Notice* has no bearing in this case, and can only confuse analysis of Comcast's request for reconsideration on its Section 544(e) defense.

WHEREFORE, Comcast objects to the "Notice of Supplemental Authority" filed November 8, 2008 by Plaintiffs.

                                                                Respectfully submitted,

| | |
|---|---|
| Robert G. Scott, Jr.<br>**Davis Wright Tremaine LLP**<br>1919 Pennsylvania Avenue, N.W.<br>Suite 200<br>Washington, D.C. 20006<br>(202) 973-4200 | s/Michael S. Ashton_<br>Michael S. Ashton (P40474)<br>**Fraser Trebilock Davis & Dunlap P.C.**<br>124 West Allegan, Suite 1000<br>Lansing, MI  48933<br>(517) 482-5800<br><br>*Attorneys for Defendants* |

Date:  November 12, 2008

3

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2008, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Michael J. Watza, Cheryl A. Verran, Joseph Leonard Van Eaton, William H. Irving, William P. Hampton, Thomas D. Esordi, and Mary Michaels, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant:

David L. Richards
Warren City Attorney
1 City Square, Suite 400
Warren, MI 48093

                                                s/Michael S. Ashton
                                                Michael S. Ashton