**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**CITY OF DEARBORN, ET AL,**

           **Plaintiff(s),**          **CASE NUMBER: 08-10156
HONORABLE VICTORIA A. ROBERTS**

**v.**

**COMCAST OF MICHIGAN III, Inc., ET AL,**

           **Defendant(s).**
_____/

**ORDER DENYING DEFENDANTS'
MOTION FOR RECONSIDERATION**

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

On October 3, 2008, the Court granted in part and denied in part Defendants Comcast of Michigan III, Inc.; Comcast of the South, Inc.; Comcast of Warren; and Comcast of Macomb's (collectively "Comcast") "Motion to Dismiss." (Doc. #41).

Comcast asks the Court to reconsider its decision. (Doc. #51). It says the Court did not rule on its argument that 47 U.S.C. §544(e) preempts Plaintiffs' claims. Specifically, Comcast argues in its "Memorandum of Law in Support of Defendants' Motion to Dismiss" (Doc. #19) and its "Reply in Support of Defendants' Motion to Dismiss" (Doc #37), that based on section 544(e): (1) Plaintiffs cannot control the format, location, or equipment requirement for public, educational and governmental channels ("PEG channels") through their local franchise agreements; (2) Comcast may transmit PEG channels in digital format; and (3) Plaintiffs' 47 U.S.C. §§ 541, 544a, and 543(b)(7) claims must be dismissed.

1

Plaintiffs responded on October 29, 2008. (Doc. #55). On November 8, 2008, Plaintiffs filed a "Notice of Supplemental Authority." (Doc. #61). They attached an order from the Federal Communications Commission ("FCC"), *In the Matter of Cox Communications, Inc. Fairfax County, Virginia Cable System* ("*Cox Notice*"), DA 08-2299, EB-07-SE-351 (released Oct. 15, 2008).

Comcast objects to the supplemental authority. (Doc. #62). It says the *Cox Notice* is irrelevant, needlessly confusing, and is not a final order from the FCC.

The Court finds that the *Cox Notice* does not add anything substantive to Plaintiffs' argument.

## II. STANDARD OF REVIEW

Eastern District of Michigan Local Rule 7.1(g)(3) provides for reconsideration if the movant demonstrates a palpable defect by which the Court and the parties have been misled, and further demonstrates that correcting the defect will result in a different disposition of the case. "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F.Supp.2d 605, 624 (E.D. Mich. 2001). "[T]he court will not grant motions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication." L.R. 7.1(g)(3).

## III. APPLICABLE LAW AND ANALYSIS

The Court dismissed Plaintiffs' 47 U.S.C. §§ 541 and 544a claims with prejudice in its October 3rd Order. No further discussion on those claims is required.

The Court stayed Plaintiffs' 47 U.S.C. §543(b)(7) claim and intends to refer six

2

questions to the FCC (the actual number and format of the questions depends on the comments submitted by the parties). The decision to stay that claim is not affected by Comcast's motion for reconsideration. Instead, the success of Comcast's §543(b)(7) argument depends on the response from the FCC.

Whether Comcast may transmit PEG channels in digital format will not be addressed by the Court now; one question the Court intends to refer to the FCC is whether PEG channels can be digitized, can require special equipment to be accessed, and still be considered available on the basic-service tier.

The only remaining argument, then, from Comcast's motion for reconsideration is Comcast's argument that 47 U.S.C. §544(e) prevents Plaintiffs from controlling the format, location, or equipment requirement for PEG channels through franchise agreements.

Under 47 U.S.C. §544(e), "No State or franchising authority may prohibit, condition, or restrict a cable system's use of any type of subscriber equipment or any transmission technology."

Comcast says Plaintiffs want to "prohibit, condition, or restrict" its use of "subscriber equipment" and "transmission technology," in violation of that section. Comcast cites *In re Implementation of Cable Act Reform Provisions of Telecommunications Act of 1996*, 17 FCC Rcd. 7609 (2002), to support its argument that Plaintiffs cannot control whether PEG channels are received in digital or analog format. *See id.* at ¶12 ("local authorities may not control whether a cable operator uses digital or analog transmissions").

Nevertheless:

> While the 1996 Act imposes some specific limits of the role [local franchising authorities ("LFAs")] play with respect to subscriber equipment and transmission technology, it does not diminish the LFAs' important responsibilities in determining local cable-related needs and interests and seeing that those needs are met through the franchising and renewal process. Although local authorities are limited in dictating the use of transmission technologies, other facility and equipment requirements can still be enforced under Section 624(b). *In addition, [47 U.S.C. §531] . . . affirms the ability of an LFA to establish and enforce franchise provisions concerning facilities and equipment related to PEG channels and for educational and governmental use of channel capacity on institutional networks.*

*In the Matter of Implementation of Cable Act Reform Provisions of the Telecommunications Act of 1996*, 14 F.C.C.R. 5296 at ¶142 (1999) (emphasis added).

This Court previously stated, 47 U.S.C. §531(c) says a franchising authority "may enforce any requirement in any franchise *regarding* the providing or use of such channel capacity," which relates to PEG channels. (Emphasis added). "Such enforcement authority *includes the authority to enforce any* provisions of the franchise for services, facilities, or equipment proposed by the cable operator *which relate* to public, educational, or governmental use of channel capacity . . . ." *Id.* (Emphasis added).

Because 47 U.S.C. §544(e) does not affect section 531, it does not preempt Plaintiffs' ability to enforce PEG channel requirements in their franchise agreements pursuant to 47 U.S.C. §531.

**IV.    CONCLUSION**

Defendants' motion for reconsideration is **DENIED**. The Court **AFFIRMS** its denial of Comcast's motion to dismiss on Plaintiffs' claim that their franchise agreements/ordinances are enforceable pursuant to 47 U.S.C. §531(a)-(c).

However, Comcast may renew its motion to dismiss Plaintiffs' 47 U.S.C.

§543(b)(7) claim if the response from the FCC favors Comcast.

**IT IS ORDERED**.

                                                           s/Victoria A. Roberts
                                                           Victoria A. Roberts
                                                           United States District Judge

Dated: November 24, 2008

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 24, 2008.

s/Linda Vertriest
Deputy Clerk

---