UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CITY OF DEARBORN, ET AL,**

           **Plaintiff(s),**         **CASE NUMBER: 08-10156**
                                          **HONORABLE VICTORIA A. ROBERTS**

**v.**

**COMCAST OF MICHIGAN III, Inc., ET AL,**

           **Defendant(s).**
_____/

**ORDER DENYING DEFENDANTS'
MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**

**I.    INTRODUCTION**

This matter is before the Court on Defendants Comcast of Michigan III, Inc.; Comcast of the South, Inc.; Comcast of Warren; and Comcast of Macomb's (collectively "Comcast") "Motion to Amend and to Certify Order for Interlocutory Appeal Pursuant to 28 U.S.C. §1292(b)." (Doc. #49). Comcast asks the Court to: (1) certify two questions from its October 3, 2008 Order for interlocutory review; and (2) amend the October 3rd Order so it says the conditions for interlocutory appeal are met.

Comcast's motion is **DENIED**.

**II.    BRIEF SUMMARY OF CASE AND PROCEDURAL HISTORY**

In each of the Plaintiffs' municipalities, Comcast operates pursuant to a franchise agreement. The City of Dearborn's franchise agreement prevents Comcast from relocating public, educational and government channels ("PEG channels") without the City's consent. *Dearborn Franchise* §3.12. Both the Charter Township of Meridian and

1

the Charter Township of Bloomfield's franchise agreements incorporate ordinance requirements that PEG channels be provided without additional charge to subscribers. *Meridian Franchise*, p.1 and ¶9(g); Ord. 70-91 (PEG channels provided without charge); *Bloomfield Franchise*, Art. V., Code of Ord. 34-116(c) (*all* residential subscribers . . . shall also receive all access channels at no additional charge). The franchise agreement in the City of Warren contains several bargained-for provisions regarding PEG channel capacity, including Section 7.1, which prohibits Comcast from relocating the channels.

Comcast wants to: (1) convert PEG channels from analog to digital; and (2) maintain PEG channels on the basic-service tier, but move them to the 900-channel range.

The City of Dearborn, the Charter Township of Meridian, and Sharon Gillette, a Comcast cable subscriber in Meridian Township (collectively "Dearborn"), filed a Complaint against Comcast of Michigan III, Inc. and Comcast of the South, Inc. on January 11, 2008. Dearborn alleges Comcast's proposed changes will violate: (1) franchise agreements/ordinances; (2) 47 U.S.C. §§ 531, 541, 543(b)(7), and 544a; and (3) 47 C.F.R. §§ 76.630 and 76.1603 (incorrectly cited as 47 C.F.R. §76.309).

On February 5, 2008, the City of Warren's case against Comcast of Warren and Comcast of Macomb was consolidated with this litigation. The Charter Township of Bloomfield intervened on March 5, 2008.

The substantive claims of all Plaintiffs are the same.

On April 30, 2008, Comcast filed a "Motion to Dismiss." On October 3, 2008, the Court entered an Order granting in part and denying in part Comcast's motion. The

Court: (1) dismissed with prejudice Plaintiffs' claims under 47 C.F.R. §76.630 and 47 U.S.C. §§ 531(e), 541, and 544a; (2) dismissed without prejudice Plaintiffs' claim under 47 C.F.R. §76.1603(b); (3) denied Comcast's motion on Plaintiffs' claim that their franchise agreements/ordinances are enforceable pursuant to 47 U.S.C. §531(a)-(c); and (4) stated its intention to refer six questions to the Federal Communications Commission ("FCC"). Plaintiffs' claim under 47 U.S.C. §543(b)(7) was stayed pending a ruling from the FCC.

## III.     OCTOBER 3, 2008 ORDER

### A.     Plaintiffs' Claim that their Franchise Agreements/Ordinances are Enforceable Pursuant to 47 U.S.C. §531(a)-(c)

Under 47 U.S.C. §531(c), "[a] franchising authority may enforce any requirement in any franchise regarding the providing or use of [PEG] channel capacity." This means federal law expressly allows a franchising authority to enforce all PEG channel requirements in franchise agreements.

Michigan's Uniform Video Services Local Franchise Act ("Local Franchise Act") says, "any provisions of an existing franchise that are inconsistent with or in addition to the provisions of a uniform video service local franchise agreement are unreasonable and unenforceable by the franchising entity." MCLA §484.3305(3). The Local Franchise Act purports to restrict a franchising authority's ability to enforce PEG channel requirements in franchise agreements that are beyond the scope of the Local Franchise Act.

In its Order entered on October 3, 2008, the Court held: (1) Congress made its intention to override a State's power "unmistakably clear" in the language of 47 U.S.C.

§531; and (2) 47 U.S.C. §531 preempts the Local Franchise Act because the Local Franchise Act makes unenforceable what federal law explicitly makes enforceable.

    **B.    Subject Matter Jurisdiction over Plaintiffs' 47 U.S.C. §543(b)(7) Claim Through 47 U.S.C. §401(b)**

47 U.S.C. §543(b)(7) requires cable operators to provide PEG channels on the basic-service tier. 47 U.S.C. §401(b) gives Plaintiffs an express right of action in federal court to enforce an FCC order which mandates specific action by Comcast (e.g., to provide PEG channels on the basic-service tier).

Because Plaintiffs have a right to enforce FCC orders which require Comcast to include PEG channels on the basic-service tier – through 47 U.S.C. §401(b) – the Court held in its October 3, 2008 Order that such right indirectly extends to enforcement of 47 U.S.C. §543(b)(7).

Nevertheless, the Court held the FCC, rather than the Court, should resolve questions pertaining to that claim.

**IV.    STANDARD OF REVIEW**

A district court has the discretion to grant a party permission to appeal a non-final order if the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b).

The Sixth Circuit Court of Appeals warned district courts that "[r]eview under §1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citing *Kraus v. Bd. of County Rd. Commissioners for the County of Kent*, 364 F.2d 919, 922 (6th Cir. 1966)).

4

A.  **Controlling Question of Law**

The resolution of a question on appeal need not terminate the action for the question to be "controlling." *In re Baker & Getty Fin. Services, Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1999) (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2nd Cir. 1990), *vacated on other grounds by*, 937 F.2d 44 (1991)). A question of law is "controlling" if resolution of the question on appeal could materially affect the outcome of the litigation in the district court. *In re Baker & Getty Fin. Services, Inc.*, 954 F.2d at 1172 n.8 (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981)).

B.  **Substantial Ground for Difference of Opinion**

Substantial ground for difference of opinion exists when: (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question. *Eagan v. CSX Transp., Inc.*, 294 F.Supp.2d 911, 916 (E.D. Mich. 2003) (citations omitted).

C.  **Materially Advance the Ultimate Termination of the Litigation**

"The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law." *Phillip Morris Inc. v. Harshbarger*, 957 F.Supp. 327, 330 (D. Mass. 1997) (quoting 16 Charles Alan Wright et al., *Practice and Procedure* §3930 at 432 (2nd ed. 1996)).

An appeal does not materially advance the ultimate termination of the litigation

when the litigation will be conducted in substantially the same manner regardless of the decision on appeal. *In re City of Memphis*, 293 F.3d at 351 (quoting *White v. Nix*, 43 F.3d 374, 378-79 (8th Cir. 1994)).

## V. APPLICABLE LAW AND ANALYSIS

Comcast asks the Court to certify two questions for interlocutory review:

(1) Whether the Local Franchise Act is Preempted by 47 U.S.C. §531; and

(2) Whether the Court has Subject Matter Jurisdiction over Plaintiffs' 47 U.S.C. §543(b)(7) Claim through 47 U.S.C. §401(b).

### A. Preemption of the Local Franchise Act by 47 U.S.C. §531

Comcast says the question of whether the Local Franchise Act is preempted by 47 U.S.C. §531 should be certified for interlocutory review because: (1) it is a controlling question of law; (2) it is a novel issue; (3) it raises a difficult question of first impression; (4) it raises federalism concerns; and (5) reversal by the Sixth Circuit Court of Appeals would materially advance the ultimate termination of the litigation by shortening the number of issues the parties need to litigate.

The Court finds that this question does not meet the "substantial ground for difference of opinion" requirement for certification to the Sixth Circuit Court of Appeals. Simply because a court decides a novel issue or a question of first impression does not mean there is substantial ground for difference of opinion concerning the correctness of the ruling. *See United States v. Atlas Lederer Co.*, 174 F.Supp.2d 666, 669 (S.D. Ohio 2001) (citing *In re Flor*, 79 F.3d 281, 284 (2nd Cir. 1996)). Serious doubt as to how an issue should be decided must exist in order for there to be substantial ground for

6

difference of opinion. *Baden-Winterwood v. Life Time Fitness*, 2007 WL 2326877 at *2 (S.D. Ohio August 10, 2007) (citing *Kraus v. Bd. of County Rd. Commissioners for the County of Kent*, 364 F.2d 919, 921 (6th Cir. 1966)).

While this question is one of first impression, it is not "difficult" based on the language in 47 U.S.C. §556(c): "Except as provided in [47 U.S.C. §557], *any provision of law of any State*, political subdivision, or agency thereof, or franchising authority, or any provision of any franchise granted by such authority, *which is inconsistent with this chapter shall be deemed to be preempted and superseded*." (Emphasis added).

The Local Franchise Act – a State law provision – is inconsistent with and preempted by 47 U.S.C. §531 because it makes unenforceable what federal law explicitly makes enforceable.

The question posed by Comcast is not the type of "exceptional" question the Sixth Circuit Court of Appeals contemplated for immediate review. *See In re City of Memphis*, 293 F.3d at 350.

### B. Subject Matter Jurisdiction Over Plaintiffs' 47 U.S.C. §543(b)(7) Claim Through 47 U.S.C. §401(b)

#### 1. The Court's October 3, 2008 Order

The Court's October 3rd Order held Plaintiffs state a 47 U.S.C. §543(b)(7) cause of action – through 47 U.S.C. §401(b). In their Response Brief, Plaintiffs seem to concede that they cannot enforce 47 U.S.C. §543(b)(7) through 47 U.S.C. §401(b):

> Asking the Sixth Circuit to review the question of whether Plaintiffs may "state a 47 U.S.C. §543(b)(7) cause of action – through 47 U.S.C. §401(b)" is particularly pointless, because that is not the ground on which the Plaintiffs' claims regarding Comcast's duty to carry PEG [channels] on the basic service tier rest. . . . Plaintiffs explained Section 401(b)

7

permitted them to enforce the *FCC regulations* requiring carriage of PEG [channels] on [the] basic[-service tier], and identified the specific regulations at issue, and the associated FCC Orders.

Pl. Response. p. 4-5 (emphasis in original).

Based on Plaintiffs' purported concession, the Court vacates its Order dated October 3, 2008 to the extent it holds Plaintiffs have a cause of action under 47 U.S.C. §543(b)(7) through 47 U.S.C. §401(b).

This decision moots Comcast's argument that the question of whether the Court has subject matter jurisdiction over Plaintiffs' 47 U.S.C. §547(b) claim through 47 U.S.C. §401(b), should be certified for interlocutory review.

### 2. Plaintiffs' Claim that Comcast Breached their Franchise Agreements/Ordinances by Violating 47 U.S.C. §543(b)(7) and FCC Orders

The Court's decision to vacate its October 3, 2008 Order in part does not mean Plaintiffs' 47 U.S.C. §543(b)(7) claim is dismissed. The franchise agreements (which Comcast agreed to) and the ordinances in Plaintiffs' city or township (which are incorporated into the franchise agreements) require compliance with federal law and FCC laws/regulations.

The City of Dearborn's franchise agreement requires Comcast to comply with all laws and regulations of the State and Federal government or any administrative agency. *Dearborn Franchise* §3.4. Ordinances in both the Charter Township of Meridian and the Charter Township of Bloomfield require Comcast to comply with federal law and FCC regulations applicable to the carriage of PEG channels. *Meridian* Ord. §70-91; *Bloomfield* Code of Ord. §43-79. The City of Warren's franchise agreement requires Comcast to abide by all applicable Federal, state and local laws, including the FCC.

*Warren Franchise* §2.9.

Pursuant to those franchise agreement provisions/ordinances, Comcast must comply with section 543(b)(7).  The franchise agreement provisions/ordinances also require Comcast's compliance with the FCC orders Plaintiffs cite which require Comcast to include PEG channels on the basic-service tier.

If Comcast's proposed action of moving the PEG channels to the 900-channel level means PEG channels will no longer be on the basic-service tier – in violation of 47 U.S.C. §543(b)(7) and FCC orders – Plaintiffs have a viable breach of contract claim.

Even assuming Plaintiffs' franchise agreements/ordinances did not require compliance with FCC laws/regulations, Plaintiffs have a private right of action to enforce FCC orders through 47 U.S.C. §401(b).  *See Cavalier Tel., LLC v. Virginia Elec. & Power Co.*, 303 F.3d 316, 321-22 (4th Cir. 2002) ("Thus, section 401(b) creates a private right of action in federal district court for enforcement of any order of the Commission that does not require the payment of money for those injured by another's failure to obey the order") (citing *Hawaiian Tel. Co. v. Pub. Utilities Comm'n of Hawaii*, 827 F.2d 1264, 1277 (9th Cir. 1987)).

It should be noted that Plaintiffs cannot use 47 U.S.C. §543(b) or the federal courts to challenge the *specific* prices Comcast charges for the basic-service tier, or the *specific* prices it charges for equipment rental related to that tier.  The "reasonableness" of Comcast's rates is delegated to the FCC.  *See* 47 U.S.C. §543(c).

Plaintiffs, however, do not challenge the "reasonableness" of Comcast's rates under 47 U.S.C. §543(b)(7).  They allege that – from the consumer's point of view – Comcast's proposed action of moving the PEG channels to the 900-channel range

9

means PEG channels will no longer be on the basic-service tier, in violation of federal law, FCC orders, and their franchise agreements/ordinances.

## VI. CONCLUSION

The Court exercises its discretion and **DENIES** Comcast's motion for three reasons. First, the question regarding preemption of the Local Franchise Act by 47 U.S.C. §531 does not meet the requirements under 28 U.S.C. §1292(b).

Second, the Court's Order dated October 3, 2008 is **VACATED** to the extent it holds Plaintiffs have a right to enforce 47 U.S.C. §543(b)(7) through 47 U.S.C. §401(b).

Finally, certification of questions to the FCC regarding Plaintiffs' 47 U.S.C. §543(b)(7) claim is an appropriate way to reduce the questions in this litigation. If the response from the FCC favors Comcast, Plaintiffs' claims that Comcast violated 47 U.S.C. §543(b)(7) and FCC orders which require PEG channels on the basic-service tier; and, therefore, breached their franchise agreements/ordinances may be dismissed.

**IT IS ORDERED**.

                                          s/Victoria A. Roberts
                                          Victoria A. Roberts
                                          United States District Judge

Dated: November 24, 2008

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 24, 2008.
>
> s/Linda Vertriest
> Deputy Clerk