**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**CITY OF DEARBORN, ET AL,**

    **Plaintiff(s),**    **CASE NUMBER: 08-10156
                   HONORABLE VICTORIA A. ROBERTS**

**v.**

**COMCAST OF MICHIGAN III, Inc., ET AL,**

    **Defendant(s).**
_____/

**ORDER DENYING IN PART PLAINTIFFS'
MOTION FOR PARTIAL RECONSIDERATION**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

On October 3, 2008, the Court granted in part and denied in part Defendants Comcast of Michigan III, Inc.; Comcast of the South, Inc.; Comcast of Warren; and Comcast of Macomb's (collectively "Comcast") "Motion to Dismiss." (Doc. #41).

The Court dismissed Plaintiffs' 47 U.S.C. §531(e) claim with prejudice for two reasons: (1) the legislative history does not directly support Plaintiffs' argument that section 531(e) prohibits Comcast from making its proposed changes; and (2) Plaintiffs did not cite any case law to support their argument.

Plaintiffs ask the Court to reconsider its decision and reinstate their 47 U.S.C. §531(e) claim. (Doc. #53). According to Plaintiffs, they did not rely solely on legislative history to support their 47 U.S.C. §531(e) claim. Plaintiffs say they rely on: (1) legislative history; (2) the plain language of the statute; and (3) case law that interprets the term "editorial control."

1

In the alternative, Plaintiffs ask the Court to refer its 47 U.S.C. §531(e) claim to the Federal Communications Commission ("FCC").

Further, Plaintiffs ask the Court to correct an error in its October 3rd Order. The Order says, "The estimates of how many households in Michigan will be affected if Comcast is allowed to make the proposed changes ranges from 15,000 to 50,000." Plaintiffs say that range encompasses the Charter Township of Meridian and the City of Dearborn alone, not the entire state of Michigan.

Comcast responded on October 30, 2008. (Doc. #57). On November 19, 2008, Comcast filed a "Notice of Supplemental Authorities." (Doc. #63). Comcast attached: (1) a letter from the State of Connecticut Department of Public Utility Control dated November 12, 2008 ("Connecticut Letter"); and (2) an order from the Commonwealth of Massachusetts Department of Telecommunications and Cable dated November 17, 2008 ("Massachusetts Order").

Plaintiffs filed a "Response to Comcast Notice of Supplemental Authority" on November 21, 2008. (Doc. #64). They say the Connecticut Letter and the Massachusetts Order are irrelevant.

The Court finds neither the Connecticut Letter nor the Massachusetts Order adds anything substantive to Comcast's argument.

## II. STANDARD OF REVIEW

Eastern District of Michigan Local Rule 7.1(g)(3) provides for reconsideration if the movant demonstrates a palpable defect by which the Court and the parties have been misled, and further demonstrates that correcting the defect will result in a different disposition of the case. "A 'palpable defect' is a defect which is obvious, clear,

2

unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F.Supp.2d 605, 624 (E.D. Mich. 2001). "[T]he court will not grant motions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication." L.R. 7.1(g)(3).

## III. APPLICABLE LAW AND ANALYSIS

### A. Editorial Control Pursuant to 47 U.S.C. §531(e)

Under 47 U.S.C. §531(e), a cable operator "shall not exercise any editorial control over any public, educational, or governmental use of channel capacity."

The Court must determine what Congress means by "editorial control."

Plaintiffs argue that "editorial control" under section 531(e) means Comcast cannot control the content of PEG channels, nor the availability and accessibility of PEG channel programming. In support, they cite *Turner Broad. Sys., Inc. v. FCC*, 512 U.S. 622 (1994); *Time Warner Entm't Co., L.P. v. FCC*, 56 F.3d 151 (D.C. Cir. 1995); *United States v. Am. Library Ass'n, Inc.*, 539 U.S. 194 (2003); and *In the Matter of Telephone Company-Cable Television Cross-Ownership Rules, Sections 63.54-63.58*, 7 FCC Rcd 5781 (1992).

The Court disagrees. Neither the cases nor the FCC regulation Plaintiffs rely on defines "editorial control" under 47 U.S.C. § 531(e).

More importantly, courts interpret "editorial control" under section 531(e) to mean cable operators are prohibited only from controlling the content of PEG channels. Courts hold that section 531(e) "bars the operator from attempting to determine the *content of programming* that is within the PEG [channel] categories." *Time Warner*

3

*Cable of New York City v. Bloomberg L.P.*, 118 F.3d 917, 928 (2nd Cir. 1997) (emphasis added); *see also Morrone v. CSC Holdings Corp.*, 404 F.Supp.2d 450, 455 (E.D.N.Y. 2005); *Glendora v. Brading*, 2002 WL 31971936 at *2 (D. Or. July 10, 2002).

Comcast's proposed changes do not involve control over the content or the programming of PEG channels. Accordingly, Plaintiffs do not state a cause of action under 47 U.S.C. §531(e), and there is no reason to reinstate that claim or refer it to the FCC.

### B. Number of Households Affected by Comcast's Proposed Changes

Comcast says the Court could simply remove the number of households that could be affected by its proposed changes from its Order dated October 3, 2008 because that information is not essential to the Order. If the Court decides to keep that information in the Order, Comcast says the Court should "conform the reference to the record."

To keep the October 3, 2008 Order consistent with the Court's Opinion and Order dated January 14, 2008, the October 3rd Order should say, "Plaintiffs say the change will affect more than 50,000 households within the Charter Township of Meridian and the City of Dearborn alone. Comcast says only 50% of its statewide customers subscribe to the limited basic tier of service, and estimate that the change will only affect 15,000 households."

## IV. CONCLUSION

Plaintiffs' motion for reconsideration is **DENIED IN PART**; the Court **AFFIRMS** its dismissal of Plaintiffs' 47 U.S.C. §531(e) claim.

Further, the Court enters an Amended Order that reflects the change in the number of households affected by Comcast's proposed changes.

**IT IS ORDERED**.

                                                          s/Victoria A. Roberts
                                                          Victoria A. Roberts
                                                          United States District Judge

Dated: November 25, 2008

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 25, 2008.

s/Carol A. Pinegar
Deputy Clerk

---