**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**CITY OF DEARBORN, ET AL,**

                **Plaintiff(s),**           **CASE NUMBER: 08-10156**
                                        **HONORABLE VICTORIA A. ROBERTS**

**v.**

**COMCAST OF MICHIGAN III, Inc., ET AL,**

                **Defendant(s).**

                                         /

**ORDER REFERRING SEVEN QUESTIONS TO
THE FEDERAL COMMUNICATIONS COMMISSION
PURSUANT TO THE PRIMARY JURISDICTION DOCTRINE**

On October 3, 2008, the Court stated its intent to refer six questions to the

Federal Communications Commission ("FCC") and stayed Plaintiffs' claim under 47

U.S.C. §543(b)(7) pending a ruling from the FCC. *See* Order dated October 3, 2008.

On October 17, 2008, Plaintiffs and Defendants submitted comments on the

proposed questions. (Doc. #50 and #52).

Defendants filed a "Notice of Supplemental Authorities" on November 19, 2008.

(Doc. #63). The notice included: (1) a letter from the State of Connecticut Department

of Public Utility Control dated November 12, 2008 ("Connecticut Letter") and (2) an

order from the Commonwealth of Massachusetts Department of Telecommunications

and Cable dated November 17, 2008 ("Massachusetts Order"). The Court assumes

Defendants are saying referral to the FCC is unnecessary based on the Connecticut

Letter and the Massachusetts Order.

The Connecticut Letter says, "The Department [of Public Utility Control] has

determined that digital transmission of community access channel programming is permissible under Federal law." The Massachusetts Order says, "[b]ased on current federal law, we find that Comcast's channel migration [from the analog to the digital platform] is lawful." However, Massachusetts made clear that if the FCC finds channel migration violates its rules, it will enforce that FCC policy.

Plaintiffs filed a "Response to Comcast Notice of Supplemental Authority" on November 21, 2008. (Doc. #64). They say the Connecticut Letter and the Massachusetts Order are irrelevant.

The Court declines to dismiss Plaintiffs' 47 U.S.C. §543(b)(7) claim based on the Connecticut Letter and the Massachusetts Order. Neither the letter nor the order is binding on this Court, and the FCC has the special competency in matters of cable technology to issue a ruling this Court can rely upon.

The Court refers seven questions to the FCC:

(1)  Does it constitute an "evasion" of applicable rate regulations (or any other regulation) when cable operators: (a) require some subscribers to purchase/lease converter boxes to view public, educational and governmental channels ("PEG channels"); and (b) provide PEG channels in digital format on the basic-service tier while non-PEG channels on the basic-service tier are provided in analog format? (*See In the Matter of Implementation of Sections of the Cable Television Consumer Protection and Competition Act of 1992 Rate Regulation*, 8 FCC Rcd 5631, 5915-5917 (F.C.C. 1993):

We define a prohibited evasion as any practice or action which avoids the rate regulation provisions of the Act or our rules contrary to the intent of the Act or its underlying policies. We also believe that . . .: (1) implicit rate increases; (2) a significant decline in customer service without a similar decline in price; and (3) deceptive practices such as improper cost shifting or intentionally misstating revenues [are evasions].

(2)  Does the requirement to provide PEG channels on the basic-service tier apply to all cable operators or are cable operators in communities where

rates are subject to "effective competition" (or otherwise deregulated) excluded from this requirement? (*See* Pl. Response Br. p.19 n.16 "Comcast has argued that the requirement to provide PEG [channels] on [the] basic service tier does not apply in communities where rates are subject to effective competition. Plaintiffs disagree"; *see also* H.R. Rep. No. 102-628 at 85 (1992) (PEG channels must be "available to all community members on a nondiscriminatory basis")).

(3)  Does the Court look from the consumer's point-of-view to determine whether: (a) a programming service is part of the basic-service tier; and (b) the proposed digitization of PEG channels but not other channels is "discriminatory" (because *e.g.*, some customers may be required to obtain additional equipment or make special requests for additional equipment to view PEG channels)? (*See* H.R. Rep. No. 102-628 at 85 (1992) (PEG channels must be "available to all community members on a nondiscriminatory basis")).

(4)  What is the criteria for a channel to be considered part of the basic-service tier? If cable operators require customers to purchase/lease digital receiving equipment to view PEG channels, are those channels *per se* a separate "service tier" within the meaning of 47 U.S.C. §522(17)?

(5)  Are cable operators precluded from charging for equipment used in connection with the reception of PEG channels on the basic-service tier when equipment is not needed to receive non-PEG channels on the basic-service tier?

(6)  Can PEG channels be digitized, require special equipment to be accessed (or be subject to other burdens with respect to the need to make a special request to receive equipment and the placement of channels), and still be considered carried on the basic-service tier when non-PEG channels on the basic-service tier are not digitized and do not require special equipment to be accessed?

(7)  Is digitization of PEG channels "discriminatory" because some customers may be required to make a special request to obtain additional equipment to view the channels, while customers are not required to obtain additional equipment to view non-PEG channels?

To start the proceedings in the FCC, Plaintiffs must attach this Order to a petition

for declaratory ruling and file it with the FCC.

**IT IS ORDERED**.

                                            s/Victoria A. Roberts
                                            Victoria A. Roberts
                                            United States District Judge

Dated:  November 26, 2008

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 26, 2008.<br><br>s/Linda Vertriest<br>Deputy Clerk |